## CHARLESTON.

ROLAND R. PETTY *v.* ROANE COUNTY COURT, *et al.*

(No. 6577)

Submitted September 10, 1929. Decided September 17, 1929.

*Thos. P. Ryan,* for appellant.
*S. P. Bell* and *Harper & Baker,* for appellees.

LITZ, JUDGE:

The plaintiff, R. R. Petty, has appealed from a decree of the circuit court, dissolving a temporary injunction awarded by the judge thereof in vacation enjoining the defendants, the county court of Roane county and the State Road Commission, their agents, servants and employees, and all other persons acting by, through or under them, from locating, constructing and grading a public road over the lands of the plaintiff on the west side of Left Reedy Creek, Curtis district, Roane county, and from "filling, with dirt, rock or other material the places described in the bill," along such proposed road, where it is alleged the county court promised the plaintiff to construct certain cattle arches from one to

the other of the two parts into which the proposed road divides his land.

The bill shows that $75,000.00 in bonds was voted, at a special election, by the citizens of said district to construct and maintain a specified county district road; that because, as plaintiff contends, the county court was undertaking to change the route fixed by the voters in said election, he instituted a chancery suit against the county court and State Road Commission to prevent the construction of the road on the alleged changed location; that the relief prayed in said suit was, on final hearing, denied, and the bill dismissed; that thereafter in consideration of the plaintiff waiving his right to apply for an appeal from said decision and conveying to the county court a right of way through his land on the new location, it paid to him the sum of $3,250.00 and agreed to construct three designated cattle arches under the road-bed on his land for the passage of live stock from one to the other of the two parts into which the proposed road divides his said land; that the county court is proceeding to construct the road over the right of way conveyed to it by the plaintiff, without providing for the cattle arches, to the irreparable injury of the plaintiff. The bill prays for cancellation of the deed conveying the right of way; for an injunction enjoining the defendants, their servants, agents and employees, and all other persons claiming, acting by, through or under them from expending any of the funds arising from the sale of said bonds in the construction of the road on the west side of Left Reedy Creek; from making "fill or fills of dirt or rock" at any of the three points along the proposed road at which the county court agreed to construct said cattle arches; and from taking any part of the plaintiff's land on the west side of Left Reedy Creek for the construction of said road. There is also a prayer for general relief.

The deed conveying the right of way, dated January 17, 1929, and exhibited with the bill, recites a consideration of $3,250.00 cash in hand paid, and the benefits that may accrue to the plaintiff from the construction of the road over his land. A purported memorandum of agreement between the plaintiff and the county court, also dated January 17, 1929,

and exhibited with the bill (signed by the plaintiff only) provides: "That whereas, there is now pending a certain suit against the county court of Roane county, and others, over a right-of-way proposition, through said lands of R. R. Petty on what is known as Project No. 3351 B and the same has been compromised for the sum of $3,250.00 and has three cattle arches on this project, opening to be 8x12 feet, each party to pay their own costs, and the said R. R. Petty hereby agrees to dismiss and withdraw said suit so pending over said right of way." An order entered by the county court on April 24, 1929, and exhibited with the bill, follows: "It appearing to this court that a controversy has arisen relative to cattle arches or culverts which shall be and it is the intention to be used as cattle arches under which live stock may pass upon the lands of R. R. Petty, known as the R. R. Petty road, on State Route No. 5 running through the lands of said R. R. Petty, which construction of the road through said lands is to be done by contract awarded to Abbot Construction Company, and is now being constructed, and this court and said R. R. Petty, have this day had the matter under advisement, and the matter being agreeable to the State Road Commission of West Virginia, doth hereby direct that the following arches or culverts so mentioned by constructed of the size following: Arch No. 1 shall be 10 feet wide and 9 feet high; Arch No. 2 shall be 12 feet wide and 10 feet high, and Arch No. 3 shall be 10 feet wide and 9 feet high; and it is the desire of this court that said arches be made in a manner as to admit the passage of live stock under same, in order that the same may be as agreed upon. Said arches so mentioned are upon Project No. 3351-B, State Route No. 5, in the District of Curtis, Roane County, W. Va.

A copy teste from Road Record No. 2, page 330.

R. L. McCulty, Clerk."

The answer of the defendants denies that the plaintiff will suffer irreparable injury by the construction of the road on the proposed location. without providing for said cattle arches, and avers that the cost of their construction will greatly exceed the benefits accruing therefrom to the plaintiff. The answer further denies that the defendant county

court is legally bound to construct said arches, but does not specifically and clearly deny that its members had agreed to do so as an inducement for the conveyance of the right of way by the plaintiff, or explain its order in relation thereto of April 24, 1929.

Plaintiff insists that he is entitled to specific performance of the alleged agreement. Assuming that specific performance would be a proper remedy for the enforcement of the obligation charged, yet, as the county court can speak only through its records, we are of the opinion that the order of April 24, 1929, is not sufficiently definite as a memorial of such undertaking. This does not mean, however, that the plaintiff is without relief. If he was partially induced to convey the right by informal promise on the part of any of the members of the county court that it would construct the cattle arches, as this record clearly indicates, then he is entitled to maintain an action at law against it for damages. The plaintiff, having permitted the county court to appropriate the right of way in the partial construction of the road without seeing to the entry of a proper order evidencing the alleged agreement, is not in a position to demand cancellation of the conveyance.

The decree of the circuit court is, therefore, affirmed.

*Affirmed.*